UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTARIS TECHNOLOGIES, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM E. MATTHEWS, et al.,<br><br>Defendants. | Case No. 25-cv-04048-RS<br><br>**ORDER GRANTING IN PART, DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |

**I. INTRODUCTION**

Plaintiffs Antaris Technologies, Inc. and Antaris Technologies USA, Inc. ("Antaris") allege Defendants acted in violation of the Defend Trade Secrets Act ("DTSA"), the California Uniform Trade Secrets Act ("CUTSA"), California's Unfair Competition Law ("UCL"), committed trade libel, and intentionally interfered with Plaintiffs' contract. This dispute arises out of Defendant Matthews' past employment with Antaris. After the termination of that employment, Matthews founded a company offering competing "club management software." Plaintiffs primarily aver that Matthews and his company have misappropriated Antaris's trade secrets.

Defendants William E. Matthews, Gym Business Manager LLC ("GBM"), and Money Movers Inc. ("MMI") contend the exercise of personal jurisdiction over nonresident Defendants Matthews and GBM is inappropriate. Next, they argue venue is improper because California is an inconvenient forum with no interest in the outcome of the litigation. Finally, Defendants move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the entirety of Plaintiffs' Complaint, arguing that it does not provide facts, beyond conclusory statements, to support

personal jurisdiction over Defendants Matthews and GBM. Additionally, Plaintiffs fail to state a claim for trade secret misappropriation. Therefore, Defendants' motion to dismiss is granted as to Defendants Matthews and GBM and Plaintiffs' claims brought under DTSA and CUTSA. The Complaint is partially dismissed with leave to amend.[1]

## II. BACKGROUND[2]

Plaintiff Antaris Technologies, Inc., is a Canadian corporation with its principal place of business in Toronto, Ontario, Canada. Plaintiff Antaris Technologies USA Inc. is a Delaware corporation. Defendant William E. Matthews VI is an Alabama resident and the founder and CEO of Defendant Gym Business Manager LLC, an Alabama corporation. GBM acquired Defendant Money Movers Inc. in January 2025. Plaintiffs, GBM, and MMI all purport to provide "club management software" for gyms and health clubs.

Between January 2020 and April 2024, Antaris employed Defendant William Matthews. After Matthews' employment with Plaintiffs ended, he founded his own company, GBM. Rather than developing its own software, GBM acquired MMI, a previously independent company. Defendant GBM also hired Andrew Latta, a California resident and former Senior Account Executive with Antaris. Defendants operate a club management software which competes directly with Antaris's products.

Plaintiffs assert that while developing, pitching, and marketing GBM's competing software solution, all Defendants have used, disclosed, and otherwise misappropriated Antaris's confidential and trade secret information without authorization and in violation of the binding confidentiality obligations agreed to by Matthews. Furthermore, Plaintiffs aver Defendants induced Mr. Latta to breach his contractual obligations to maintain the secrecy of Antaris's information. Antaris seeks injunctive and monetary relief, damages, lost profits, punitive and exemplary damages, attorneys' fees, and other appropriate relief.

---

[1] Pursuant to Civil Local Rule 7-1(b), this motion is suitable for disposition without oral argument.
[2] This order treats well-plead factual assertions contained in the complaint as true, unless noted otherwise.

### III. DISCUSSION

**A. Jurisdiction Over Nonresident Defendants**

Defendants first contend the claims against nonresident Defendants Matthews and GBM should be dismissed for want of personal jurisdiction. Plaintiffs' Complaint lacks the requisite facts to support any of its purported theories of personal jurisdiction. Accordingly, there is no basis for jurisdiction over Matthews and GBM, and the claims against them are dismissed without prejudice.

California's long-arm statute authorizes the exercise of personal jurisdiction to the maximum consistent with due process. Cal. Civ. Proc. Code § 410.10. Thus, courts must ensure three factors are met: "(1) the defendant must either 'purposefully direct his activities' toward the forum or 'purposefully avail himself of the privileges of conducting activities in the forum'; (2) 'the claim must be one which arises out of or relates to the defendant's forum-related activities'; and (3) 'the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable.'" *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (quoting *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)). "The plaintiff bears the burden of satisfying the first two prongs of the test." *Id.* (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)). Once the plaintiff satisfies that burden, "the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* at 1068–69.

"Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, 'the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss.'" *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) (quoting *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011)). While a plaintiff "may not simply rest on the 'bare allegations of the complaint,'" "uncontroverted allegations must be taken as true, and 'conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor.'" *Id.* (quoting *Schwarzenegger*, 374 F.3d at 800).

Courts utilize the purposeful direction test for cases sounding in tort. *Axiom Foods*, 874

F.3d at 1069 (citing *Dole Food*, 303 F.3d at 1111). Under this test, the defendant must have "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.* (quoting *Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 673 (9th Cir. 2012)). The "defendant's suit-related conduct must create a substantial connection with the forum State," and the "relationship must arise out of contacts that the defendant himself creates with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (citations omitted).

Plaintiffs aver specific personal jurisdiction over Defendants is proper under multiple analyses of personal jurisdiction. They point to GBM's acquisition of MMI, a California corporation, in support of an alter ego theory of jurisdiction. They additionally assert that jurisdiction is proper under either purposeful availment or purposeful direction. All three theories fail.

First, MMI's contacts with California cannot be imputed to Matthews and GBM. "[T]he alter ego test may be used to extend personal jurisdiction to a foreign parent or subsidiary when, in actuality, the foreign entity is not really separate from its domestic affiliate." *Williams v. Yamaha Motor Co. Ltd.*, 851 F.3d 1015, 1021 (9th Cir. 2017). To satisfy the alter ego test, "a plaintiff must make out a prima facie case (1) that there is such unity of interest and ownership that the separate personalities of the two entities no longer exist and (2) that failure to disregard their separate identities would result in fraud or injustice." *Id.* Plaintiffs fail on the first prong of this analysis. Despite Plaintiffs' repeated assertions in briefing that Matthews personally directed GBM's acquisition of MMI, Plaintiffs did not plead facts sufficient to support this conclusion. Plaintiffs' assertion that GBM controls MMI in its entirety is similarly unsupported. Plaintiffs' reliance on Matthews's role as CEO of both companies is insufficient to establish the requisite unity of interest.

Second, the purposeful availment test is inapposite, both legally and factually. There is no allegation that Defendants have signed relevant contracts or otherwise conducted extensive business in California. A recent employee of GBM, Andrew Latta, does reside in California.

However, a single employment contract within the forum is insufficient to support personal jurisdiction. *See, e.g. Parnell Pharmaceuticals, Inc. v. Parnell, Inc.*, 5:14-cv-03158-EJD, 2015 WL 5728396 at *4 (N.D. Cal. Sept. 30, 2015). There is no allegation that this dispute arises out of Latta's presence in California, or out of any of Mr. Latta's actions in or directed to California.

Plaintiffs fail to establish purposeful direction for similar reasons. The Complaint makes generic and conclusory statements as to Defendants' actions, none of which support express aiming at the forum state of California. The Complaint reads: "Defendants because, on information and belief, Defendants (a) distribute, offer for sale, sell, advertise, and promote their products and services within the State of California; (b) regularly transact and conduct business within the State of California (including, inter alia, employing employees, contractors, and agents within the State of California); and/or (c) have otherwise made or established contacts with the State of California sufficient to permit the exercise of personal jurisdiction." Compl. at 22. The Complaint does not aver Plaintiffs' trade secrets or confidential information were obtained in or used in California. Likewise, there is no allegation in Plaintiffs' Complaint of any current or prospective California customer that was either solicited or engaged by these Defendants or told false or misleading information about Plaintiffs' software capabilities. The only harm identified with any specificity in Plaintiffs' Complaint is potentially untrue information shared with Plaintiffs' customer Unlimited Athletic Club, a health club in Wisconsin.

The only connection Plaintiff asserts Matthews and GBM have with California is the employment of Latta. Plaintiffs aver Defendants misappropriated Antaris's confidential and trade secret information by inducing Latta to breach his contractual obligations to maintain the secrecy of Antaris's information. This conclusory statement, without more, does not support any direct action on the part of Matthews or GBM towards the forum itself, as required to warrant personal jurisdiction. Therefore, the claims against the two nonresident Defendants are accordingly dismissed without prejudice.

**B. Venue**

Defendants next contend dismissal of the entire complaint is warranted because venue is improper. Here, Defendants' arguments fail. Under Rule 12(b)(3), a defendant may move for

dismissal based on improper venue. Fed. R. Civ. P. 12(b)(3). Venue is governed by 28 U.S.C. § 1391. When considering a motion to dismiss pursuant to Rule 12(b)(3), a court need not accept the pleadings as true and may consider facts outside of the pleadings. *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996).

"To prevail on a motion to dismiss based upon *forum non conveniens*, a defendant bears the burden of demonstrating an adequate alternative forum, and that the balance of private and public interest factors favors dismissal." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1076 (9th Cir. 2015). The material private interest factors relevant to a *forum non conveniens* analysis are: (1) the residence of the parties and the witnesses; (2) the forum's convenience to the litigants; (3) access to physical evidence and other sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the cost of bringing witnesses to trial; (6) the enforceability of the judgment; and (7) all other practical problems that make trial of a case easy, expeditious and inexpensive. *See, e.g.*, *Lueck v. Sundstrand Corp.*, 236 F.3d at 1137, 1145 (citation omitted). Public interest factors include: (1) local interest of the lawsuit; (2) burden on local courts and juries; (3) congestion in the court; (4) the costs of resolving a dispute unrelated to the forum; and (5) the court's familiarity with the governing law. *See, e.g, id.* at 1147 (citations omitted).

Pursuant to 28 U.S.C. § 1406(a), if the court determines that venue is improper, the court must either dismiss the action or, if it is in the interests of justice, transfer the case to a district or division in which it could have been brought. Whether to dismiss for improper venue, or alternatively to transfer venue to a proper court, is a matter within the sound discretion of the district court. *See King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992). "The plaintiff's choice of forum will not be disturbed unless the 'private interest' and 'public interest' factors strongly favor trial in the foreign [venue]." *Dole Food*, 303 F.3d at 1118.

Defendants contend Alabama is an appropriate alternative forum because two Defendants, Matthews and GBM, are residents of that state. Because Defendant MMI would consent to jurisdiction in that forum, Defendants conclude Alabama is an available alternative. Notably, Defendants Matthews has already filed a separate suit against Plaintiffs in Alabama state court. In

that matter, Matthews asserts violations of a settlement agreement between the parties. While this alternative forum is relevant, Defendants fail to demonstrate private and public factors outweigh Plaintiffs' choice of forum.

Private factors do not support dismissal. Defendant MMI is incorporated in California, so it stands to reason MMI, the only remaining Defendant, can answer in this forum. In the digital age, access to evidence or even witnesses from a different state does not impose a large burden on the parties. Defendants do not identify unwilling witnesses located outside the forum. Moreover, it is unclear why such witnesses would be in Alabama rather than in California. Finally, despite Defendants' repeated references to the ongoing litigation in Alabama, that matter would not duplicate proceedings here, where parties and claims differ.

The public interest factors similarly disfavor dismissal. Within the local interest factor, courts "ask only if there is an identifiable local interest in the controversy, not whether another forum also has an interest." *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1182 (9th Cir. 2006). Here, California has a "strong interest" in "applying its trade secrets laws to protect against misappropriation of trade secrets" and in preventing torts committed "within its borders." *See, e.g.*, *Freestream*, 905 F.3d at 608. In addition, Plaintiffs' claims are brought in part under California law, favoring this forum slightly over one in Alabama. Finally, Defendants provide no basis for concluding that trying the matter here would be more burdensome to the public than trying the same matter in Alabama. Accordingly, dismissal for *forum non conveniens* is not warranted.

**C. Sufficiency of the Claims**

Finally, Defendants move to dismiss the Complaint against all Defendants for failure to state a claim. Defendants argue Plaintiffs have provided insufficient facts regarding MMI's role in the alleged wrongdoing. Defendants also challenge the sufficiency of the trade secrets misappropriation claims. Overall, Plaintiffs averments are almost entirely conclusory, simply stating that the elements of each claim are met without providing any factual allegations in support. Because Plaintiffs' Complaint does not contain sufficient facts to make out their trade secret misappropriation claims, those counts are accordingly dismissed. While Plaintiffs'

remaining claims for trade libel, unfair competition, and interference with contract survive, the dearth of facts supporting those claims is also notable.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations are not required," a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 566 U.S. 652, 678 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard asks for "more than a sheer possibility that a defendant acted unlawfully." *Id.*

A motion to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When evaluating such a motion, the court must accept all material allegations in the complaint as true, even if doubtful, and construe them in the light most favorable to the non-moving party. *Twombly*, 550 U.S. at 570. "[C]onclusory allegations of law and unwarranted inferences," however, "are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996); see also *Twombly*, 550 U.S. at 555 ("threadbare recitals of the elements of the claim for relief, supported by mere conclusory statements," are not taken as true).

   *i.    Misappropriation of Trade Secrets*

To state a claim for trade secret misappropriation under the CUTSA, a plaintiff must allege that: (1) the plaintiff owned a trade secret; (2) the defendant misappropriated the trade secret; and (3) the defendant's actions damaged the plaintiff." *Autodesk, Inc. v. ZWCAD Software Co., Ltd.*, No. 14–1409, 2015 WL 2265479, at *5 (N.D. Cal. May 13, 2015) (citation omitted). The elements of misappropriation under the DTSA are similar to those under the CUTSA. *Compare* 18 U.S.C. § 1839(5) *with* Cal. Civ. Code § 3426.1(b); *see InteliClear, LLC v. ETC Global Holdings, Inc.*, 978

F.3d 653, 657–58 & n. 1 (9th Cir. 2020) (noting courts have analyzed claims together based on similarity of elements). "A 'trade secret' is defined as information that: (1) derives independent economic value from not being generally known to the public; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." *Gatan, Inc. v. Nion Company*, No. 15–1862, 2017 WL 1196819, at * 6 (N.D. Cal. Mar. 31, 2017) (citing Cal. Civ. Code § 3426.1); *see also* Kewanee Oil Co. v. Bicron Corp., 416 U.S. 470, 476 (1974) ("The subject of a trade secret must be secret, and must not be of public knowledge or of a general knowledge in the trade or business.").

A plaintiff must therefore "describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special persons who are skilled in the trade, and to permit the defendant to ascertain at least the boundaries within which the secret lies." *Pellerin v. Honeywell Int'l, Inc.*, 877 F. Supp. 2d 983, 988 (S.D. Cal. 2012) (quoting *Diodes, Inc. v. Franzen*, 260 Cal. App. 2d 244, 253 (1968)). That said, a plaintiff need not "spell out the details of the trade secret." *Autodesk, Inc. v. ZWCAD Software Co.*, 2015 WL 2265479, at *5 (N.D. Cal. May 13, 2015); *see also Bitglass, Inc. v. Netskope, Inc.*, No. 20-CV-05216-RS, 2020 WL 11563099, at *5 (N.D. Cal. Dec. 21, 2020). In general, "allegations that set out purported trade secrets in broad, categorical terms that are merely descriptive of the types of information that generally *may* qualify as protectible trade secrets are insufficient to state a claim." *Beluca Ventures LLC v. Einride Aktiebolag*, 660 F. Supp. 3d 898, 907 (N.D. Cal. 2023) (quoting *Cisco Sys., Inc. v. Chung*, 462 F. Supp. 3d 1024, 1048 (N.D. Cal. 2020) (emphasis in *Cisco*)).

The Complaint identifies the relevant trade secrets as follows: "Antaris's software architecture, current feature set, and development pipeline and processes; its lists of past, present, and prospective customers; the software feature preferences, business requirements, revenues, and expenses of its past, present, and prospective customers; its lists of past, present, and prospective partners; its contracts and related documents and information; its financial results and related records; and its sales and accounting records." Compl. ¶ 3.

As currently pled, Plaintiffs refer to mere broad categories of information that *potentially* or *generally* may be subject to trade secret protection. Plaintiffs also fail to allege circumstances to

support an inference that Defendants have taken advantage of at least some of the information. The allegations do not go beyond mere speculation that its trade secrets are being used. *See, e.g.*, *Bitglass, Inc. v. Netskope, Inc.*, No. 20-CV-05216-RS, 2020 WL 11563099, at *4 (N.D. Cal. Dec. 21, 2020). Therefore, Plaintiffs' do not state a claim for trade secret misappropriation under CUTSA or DTSA.

### ii. Remaining Claims

Defendants do not specifically challenge the sufficiency of Plaintiffs' trade libel, UCL, and intentional interference claims. However, given the dismissal without prejudice of all claims against Defendants Matthews and GBM, as well as the dismissal without prejudice of the trade secret misappropriation claims against all Defendants, it is worth noting potential deficiencies in Plaintiffs' remaining claims. Plaintiffs offer only slightly more than threadbare support for Plaintiffs' assertion that MMI played a role in this alleged wrongdoing.

While Defendants argue the remaining claims should be dismissed because MMI ceased operations in December of 2024, Plaintiffs have raised sufficient question as to whether MMI still exists as a company. If Plaintiffs choose to amend their Complaint, they must make specific factual allegations beyond restating the elements of a claim and would do well to identify what role MMI itself played.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' claims against Defendants Matthews and GBM are dismissed for want of personal jurisdiction. Additionally, Plaintiffs' trade secret misappropriation claims brought under DTSA and CUTSA are dismissed as insufficiently pled. Should Plaintiffs wish to amend their complaint, they must do so within thirty days of this order.

**IT IS SO ORDERED**.

Dated: July 15, 2025

RICHARD SEEBORG
Chief United States District Judge